Ms. Stacey Witherell Labor and Employee Relations Manager City of Little Rock 500 West Markham, Suite 130W Little Rock, Arkansas 72201-1428
Dear Ms. Witherell:
I am writing in response to your request for my opinion concerning the Arkansas Freedom of Information Act ("FOIA"). You submit your request pursuant to A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
You report that you, as the records custodian, have received two FOIA requests. One request seeks "the annual salary and wage information" for all full-time city employees. The other request seeks all "overtime payments" to full-time city hall employees and police officers for a certain time period. Each request obviously encompasses numerous people. One person encompassed in one or both of the FOIA requests objects to the release of his name because he thinks his name is "personal information" and therefore cannot be disclosed. Your opinion request asks me to opine about whether your decision to release his name is consistent with the FOIA.
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether a custodian's decision regarding the disclosure of requested documents is consistent with the FOIA (A.C.A. §§ 25-19-101 to 109 (Repl. 2002 and Supp. 2009)). In the present case, you, as the custodian, have determined that the requested records are *Page 2 
personnel records and should be released. In my opinion, your decision is consistent with the FOIA.
This office has consistently opined that the public has an interest in basic employment information such as public employees' names, salary information, and job title, among other things.[1]
When this basic employment information is sought via a FOIA request for personnel records, the information must be released unless doing so would constitute a "clearly unwarranted invasion of personal privacy."[2] This office has consistently opined that releasing basic employment information such as those items listed above, is not a clearly unwarranted invasion of personal privacy.[3]
Therefore, in my opinion, your decision to release this employee's name as included on the requested personnel records is consistent with the FOIA. *Page 3 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] E.g., Op. Att'y Gen. Nos. 2008-050, 2007-001, 2005-194, 2005-057, 2004-225, and 2002-087.See also Op. Att'y Gen. 2005-074 (citing several opinions to the effect that the names of public employees are generally subject to disclosure, including Op. Att'y Gen. 90-335 ("[t]he `public' is the employer of these individuals, and pays their salaries [and] [i]t is not unreasonable to expect that an employer would have an interest in knowing whom it employs[;]") and Op. Att'y Gen. 95-220 ("[c]ourts have found relatively little privacy interest in records revealing names of public employees.")); Op. Att'y Gen. 2003-298 ("[T]he public interest in obtaining salary information relating to public employees, including the identity of particular employees, outweighs the employees' privacy interests."); 98-126 ([S]alary information is clearly subject to disclosure, as such information does not constitute a "clearly unwarranted invasion of personal privacy[,]" citing Op. Att'y Gen. Nos. 96-205, 95-242, 95-070, and 94-198.).
[2] "Personnel records" are open to public inspection and copying under the FOIA, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2009). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records.
[3] Op. Att'y Gen. Nos. 2009-047, 2008-050, 2005-057, 2005-074, 2003-298, 90-335.